HALLA et al. v. ROGERS et al.

(Circuit Court of Appeals, Ninth Circuit. May 22, 1911.)

No. 1,910.

Mines and Minerals (§ 66*)—Mining Lease—Breach of Conditions—Forfeiture.

By the terms of a mining lease for a placer claim, complainants, as lessees, agreed to do the assessment work necessary to hold the claim each year during the term of the lease. They were wrongfully excluded from the claim by defendants, who were the lessors, but recovered possession by an ejectment suit shortly before the term expired, but were then enjoined from working the valuable part of the claim until the term expired. They thereupon brought suit to restrain defendants from inter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fering with their possession until they should have a reasonable time to complete the mining of the claim and obtained a preliminary injunction; but it also restrained them from working the claim until final hearing. *Held* that, in view of such injunctions, defendants were not entitled to insist on a forfeiture of the lease because of complainants' failure to do assessment work while the injunctions remained in force.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 185, 186; Dec. Dig. § 66.*]

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

Suit in equity by W. J. Rogers and Albert Fink, copartners under the firm name and style of the Golden Bull Mining Company, and by F. R. Cowden, G. T. Snowden, C. A. Densmore, H. H. Davies, Leo Loewenherz, E. E. Chilberg, C. V. La Farge, and Ira D. Orton, against Otto Halla, Joseph Hammer, B. Schwarz, and J. J. Chambers. From an order denying a motion for dissolution of an injunction pendente lite, defendants appeal. Affirmed.

See, also, 176 Fed. 709, 100 C. C. A. 263.

Albert H. Elliott, P. M. Bruner, and Elwood Bruner (J. Allison Bruner, George B. Grigsby, and Clarence E. Todd, of counsel), for appellants.

W. H. Metson, Ira D. Orton, Albert Fink, and Thos. R. White, for appellees.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This appeal is from an order of the trial court denying the motion of appellants for a dissolution of an injunction pendente lite.

It appears, from the bill of complaint for an injunction restraining defendants from interfering with and molesting plaintiffs in their possession of the Golden Bull mining claim, that the defendants Halla, Hammer, and Schwarz, on February 26, 1906, leased the said claim to F. R. Cowden, one of the plaintiffs, for a term ending July 1, 1909. The lease was assigned by Cowden to the Golden Bull Mining Company, a copartnership composed of all the plaintiffs except Fink and Orton. Subsequently Halla, Hammer, and Schwarz re-entered the leased premises, and the plaintiffs, except Fink and Orton, instituted an action of ejectment against them to recover possession under the lease. To maintain their defense, the defendants in said action set up that the plaintiffs therein had violated and broken certain covenants of the lease; but upon trial the plaintiffs were successful. An appeal was prosecuted to this court, resulting in an affirmance. Execution was stayed in the meanwhile. Upon mandate to the trial court, the mining company was in due course again put into possession of the mine under its lease. This was about June 1, 1909, but one month prior to the expiration of the lease. About this time Fink acquired the interest in the lease of all the copartners in the Golden Bull Mining Company except Rogers, and Orton acquired an interest in the

claim for damages against Halla, Hammer, and Schwarz of all except Rogers and Fink.

The Golden Bull placer mining claim is overlapped by the Bon Voyage claim to an extent in area comprising most of the pay dirt and valuable gold-bearing deposits.

At once, upon the Golden Bull Mining Company being placed in possession, Halla, Hammer, and Schwarz entered into an alleged conspiracy with the defendant Chambers, whereby, through a suit by Chambers against the mining company, they secured an injunction restraining and preventing the mining company from operating that portion of the claim overlapped by the Bon Voyage claim. In this connection it is alleged that the defendants, including Chambers, conspired to secure said injunction for the purpose of preventing the Golden Bull Mining Company from enjoying the fruits of its lease until the term thereof should expire, and thus forcing plaintiffs to seek redress by an action at law against lessors, who, as well as defendant J. J. Chambers, are, it is said, insolvent; that Chambers claims to be the owner of an undivided half of the Bon Voyage claim, but is without any right, title, or interest therein whatever; that except for the wrongful acts of Halla, Hammer, and Schwarz, as alleged, all of the pay gravel could have been properly mined, and the Golden Bull Mining Company would long since have enjoyed the profits and benefits of its lease; that the defendants are by such wrongful and unlawful acts estopped to assert or claim that the lease will expire until the mining company has had reasonable time and opportunity in which to enjoy such benefits and profits; that defendants are threatening by violence and force to take possession of the mine, and to oust plaintiffs, and to appropriate the valuable dump of pay dirt and gravel thereon remaining, by reason whereof the plaintiffs will suffer irreparable damage in the sum of $75,000, and that plaintiffs have no plain, speedy, or adequate remedy at law.

The prayer is for an injunction against defendants from interfering with plaintiffs' leasehold estate until they have had reasonable time in which to secure the fruits of their work and labor under the lease.

Upon this complaint an injunction was issued against defendants pendente lite; but, on the other hand, it was ordered that the plaintiffs desist from mining or extracting any gold or gold dust from the premises while the injunction remained in force. On October 3, 1910, a motion was interposed by defendants to vacate, set aside, and dissolve this injunction pendente lite, which, having been brought on for hearing on October 8, 1910, was denied by the court. This appeal is from the order of the court in that regard.

It is shown by the affidavit of Schwarz that the lessees failed to perform the assessment work required by law for holding the claim for the year 1910, and to make all necessary proof thereof prior to October 1st of that year, contrary to a condition in the lease by which the lessees agreed to perform on said premises at least the amount of $100 worth of labor during each year of said lease, for the purpose of holding the claim, and to make the necessary proof before October 1st of each year. This presents the only question for our determination: Whether the lease has been forfeited by reason of such failure.

The plaintiffs insist that the failure is excused by reason of the mandate of the injunction pendente lite, the cross-injunction, and the injunction issued in the Chambers suit, when considered in connection with the previous litigation. It will be noted that, by its terms, the lease expired July 1, 1909, and it can only be claimed that plaintiffs were bound to do the assessment work by reason of the fact that the time had been extended by decree of court for them to work out the dump and thereby secure the fruits of their labor under the lease. If the defendants had not interfered with plaintiffs' operation of the mine, there would have been no reason for thus extending the time. Such interference was wrongful, and it might well be questioned whether, by the extension of time within which plaintiffs were permitted to sluice out the dump, the covenant to do the assessment work was also continued in force. The injunctions, however, whether technically sufficient to restrain the plaintiffs from doing the assessment work, were yet a menace to any entry upon the mine, and we think quite sufficient, under all the circumstances attending the controversy, to excuse the forfeiture sought to be enforced.

The order and decree of the trial court, denying defendants' motion to vacate the injunction pendente lite, will therefore be affirmed.